LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
17th FLOOR
NEW YORK, NEW YORK 10038-1850

RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER**
nkaizer@landklaw.com

ZACHARY SEGAL
zsegal@landklaw.com

\*   ADMITTED IN NY, FLA. AND D.C.
\*\*  ADMITTED IN NY AND FLA.

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4040

May 13, 2026

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *U.S. v. Daniel Sikkema,* 24-cr-227(ER)
> <u>Motion in Limine</u>

Dear Judge Ramos:

We represent Daniel Sikkema in the above-referenced case and write the Court to challenge the admissibility of GX 1002 (a chart prepared by the government) under FRE 1006. GX 1002 (Exhibit A) is a compilation of various evidence — *inter alia* text messages, audio messages, ATM withdrawal records, Western Union records, various photos, Alejandro Prevez's browser history, and Prevez's calendar entries. It is not a "chart… offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court," but rather reflects excerpts from myriad categories of evidence the government intends to introduce, which the government believes best support its theory of prosecution, presented in chronological order. It is, in short, a government summation in chart form, which the government seeks to introduce so the jury can access it during jury deliberations, no less than if a transcript of the government's summation were provided to the jury for use during deliberations. It is therefore not admissible under Rule 1006, but rather, at most, may be the type of document that is more appropriate for consideration as an "illustrative aid," under the Rule 107, added in 2024.

## I.   GX 1002

On April 20, 2026, we received GX 1002. GX 1002 is a chart titled "March 2023-March 2024: Timeline." *See* Exhibit A, GX 1002, at 1.[1] It is a 22-page

---

[1]   The chart has since been updated and edited several times.  The most recent version of the chart is from May 6, 2026, which is annexed hereto as Exhibit A.

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Edgardo Ramos  
May 13, 2026  
Page -2-

PDF, with 113 rows and eight columns. The x-axis, from left to right, lists the line number in the timeline ("No."), the date ("Date"), the time ("Time"), the sender ("From"), the recipient ("To"), the original source of the excerpt and its corresponding government exhibit number ("Source"), the type of file the excerpt came from ("File Type"), and the description of the excerpt ("Detail") Below is a screen shot of the first line:

| No. | Date | Time | From | To | Source | File Type | Detail |
|---|---|---|---|---|---|---|---|
| | | | | | **March 2023 - March 2024: Timeline** | | |
| 1 | March 8, 2023 | | Daniel Sikkema (609-339-9424) | (+52 155-5217-4830) | GX 700B, GX 750, GX 750-M, GX 750-T (Daniel Sikkema Phone) | WhatsApp Audio Message | "Hi David. . . . here with my struggle and my never-ending problem. It won't be over until this man passes away. But anyway, here we go. We're continuing with the process. Now he's trying to hide everything he can so he doesn't have to give me what I'm entitled to. . ." |

Exhibit A, GX 1002, at 1. The labels on the x-axis, however, are, for much of the content in GX 1002, inapplicable because much of the content does not consist of communications:

| No. | Date | Time | From | To | Source | File Type | Detail |
|---|---|---|---|---|---|---|---|
| 17 | August 27, 2023 | | | | GX 801, GX 806, GX 806-54 (Alejandro Prevez Phone) | Image | |
| 36 | November 8, 2023 | | | | GX 801, GX 806, GX 806-32 (Alejandro Prevez Phone) | Image | |
| 50 | December 11, 2023 | | | | GX 801, GX 802 (Alejandro Prevez Phone) | Calendar | Subject: Bus to Sao Paulo, SP Location: Rio de Janeiro, RJ Attendees: aleprevez50@gmail.com |
| 66 | January 10, 2024 | | | | GX 801, GX 806, GX 806-26 (Alejandro Prevez Phone) | Image | |
| 77 | January 15, 2024 | 6:45 AM (BRT) - 6:47 AM (BRT) | | | GX 901, GX 935 (Alejandro Prevez Google Cloud) | Search History | Four searches for "murders in rio de janeiro" |

*Id.* at 3 (ln 17), 9 (ln 36), 11 (ln 50), 14 (ln 66), 15 (ln 77) (respectively). Of the 113 rows, only about 48 are communications (audio, text, or Facebook messages). The remaining 65 columns consist of, *inter alia*, call logs (ten) various photos (28), calendar entries (four), Western Union records (nine), and various search histories from YouTube, Facebook, maps, and browser (eleven). Consistent with its title — "March 2023-March 2024: Timeline" — GX 1002 is a collection of various pieces of evidence, listed in chronological order, which the government wants the jury to conclude proves Mr. Sikkema's guilt.

## II.   GX 1002 is not Admissible under FRE 1006

FRE 1006 provides, in relevant part:

**(a) Summaries of Voluminous Materials Admissible as Evidence.**
The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence.

The procedure to admit summary charts first requires the proponent make the underlying "originals or duplicates" available to the opposing party. *See* FRE 1006(b). The summary chart itself is then introduced through a witness who may or may not be otherwise involved in the case and who reviewed the underlying material to confirm its accuracy. *United States v. Menendez*, 759 F. Supp. 3d 460, 523 (S.D.N.Y. 2024)(SHS). Courts must ensure that summary charts "fairly represent and summarize the evidence upon which they are based." *United States v. Citron*, 783 F.2d 307, 316 (2d Cir. 1986) (cleaned up). This is so because "a chart submitted by the prosecution is a very persuasive and powerful tool and must be fairly used, since, by its arrangement and use, it is an argument to the jury during the course of the trial." *United States v. Conlin*, 551 F.2d 534, 538–39 (2d Cir. 1977); *see also United States v. McGuire*, 163 F.4th 882, 897 (5th Cir. 2025) ("Because summaries are elevated under Rule 1006 to the position of evidence, we have warned, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes.") (cleaned up). A chart containing "commentary is properly reserved for illustrative aids, which, following the 2024 Amendments, are the subject of Rule 107." *United States v. McComber*, No. 24-4376, 2026 WL 266808, at *5 (4th Cir. Feb. 2, 2026).

In 2024, FRE 1006 was amended to clarify that a summary chart need not consist of record evidence and that the chart itself, including its content, can be considered evidence such that a limiting instruction cautioning to the

contrary is unnecessary. *See* FRE 1006 (2024 Advisory Notes). Insofar as the amendments relaxed what can be introduced under FRE 1006, the Advisory Notes, responsibly, cautioned that "A summary admissible under Rule 1006 must also pass the balancing test of Rule 403. For example, if the summary does not accurately reflect the underlying voluminous evidence, or if it is argumentative, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion." *See also United States v. Groysman*, 766 F.3d 147, 156, 157 (2d Cir. 2014) (finding reversible error where a summary chart, consisting of "pictorial representations of hearsay testimony," were "the equivalent of an opening argument or summation by the prosecution but was presented as evidence for the jury to consider.").

The 2024 Amendment simultaneously created FRE 107 ("Illustrative Aids") and specifically distinguished the respective purposes of FRE 1006 and FRE 107, labeling the former as "summaries of voluminous admissible information offered to prove a **fact**, and illustrations offered solely to assist the trier of fact in understanding the evidence. The former are subject to the strictures of Rule 1006. The latter are illustrative aids, which are now regulated by Rule 107." FRE 1006 (Advisory Committee Notes – 2024 Amendments) (emphasis added); *see also* FRE 107(d) ("A summary, chart, or calculation admitted as evidence to prove the content of voluminous admissible evidence is governed by Rule 1006.")

Here, the first problem with GX 1002 is that it is laden with commentary, describing the evidence from the corresponding government exhibits. In *United States v. McComber*, No. 24-4376, 2026 WL 266808 (4th Cir. Feb. 2, 2026), the Fourth Circuit held that a chart containing "Notes" describing what the evidence in the chart portrayed violated FRE 1006 because "commentary is properly reserved for illustrative aids, which, following the 2024 Amendments, are the subject of Rule 107. … Thus, a proponent of a Rule 1006 summary may not present favorable inferences to the jury in the guise of record evidence. *United States v. Janati*, 374 F.3d 263, 272–73 (4th Cir. 2004)." *Id.* at *5; *see also id.* ("Here, the Government's summary spreadsheet runs afoul of Rule 1006 inasmuch as it includes a 'NOTES' column which provides commentary on the evidence presented.") Likewise, here, GX 1002 has a column titled "Detail" that, in numerous instances, improperly describes the evidence. *See e.g.*, Exhibit A, GX 1002, at 1 (ln 8: "Two searches for 'R. Abreu Fialho, 13 - Jardim Botânico' on Maps"), 8 (ln 32: "Search for 'western' Web page title visited is 'western union cerca - Buscar con Google'"), 15 (ln 73: "Missed WhatsApp call from Prevez to 'Raimundo Dominguez'"), 17 (ln 87: "Daniel Sikkema messages Alejandro Prevez an emoji of a bunny:")); 18 (ln 91: "Daniel Sikkema visits Alejandro Prevez's Facebook Page"), 20 (ln 104: "Daniel Facebook messages Ada that his phone number is 347-942-0415.")

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Edgardo Ramos
May 13, 2026
Page -5-

Also inappropriate is that these descriptions are misleading. The government selectively quotes Sikkema's voice memos to emphasize, out of context, his statements supposedly wishing for the death of Brent Sikkema. For example, at Line 1, the government cites GX-750-B as follows:

"Hi David. . . . here with my struggle and my never-ending problem. It won't be over until this man passes away. But anyway, here we go. We're continuing with the process. Now he's trying to hide everything he can so he doesn't have to give me what I'm entitled to. . ."

However, this excerpt leaves out the balance of the message, highlighted below:

Hi David. Nothing dear, you know, here with my struggle and my never-ending problem. It won't be over until this man passes away. But anyway, here we go. We're continuing with the process. Now he's trying to hide everything he can so he doesn't have to give me what I'm entitled to, but since I have evidence of many things, they're going to investigate him, and they're going to... and we're going to hire an expert, which he has to pay for, to evaluate all the art he has and all the things he has and everything that he's hiding.. That's where we are now, dear.

The government most certainly wants the jury to conclude from its excerpt that Daniel intended to kill Brent; what else could be its purpose? Yet the excluded language makes clear that his intention is not to kill Brent but rather to continue to investigate Brent, hire an expert, evaluate his art collection and take other steps to bring the divorce proceedings to a successful conclusion, *i.e.*, **not** kill Brent.

Further, GX 1002 is simply a summation in chart form, a use of Rule 1006 the Second Circuit has emphatically rejected. *See Groysman*, 766 F.3d 147, 157–58 (2d Cir. 2014) ("It was the equivalent of an opening argument or summation by the prosecution but was presented as evidence for the jury to consider. … Viewed in the context of the trial strategy as a whole, Ginzburg's testimony was used to essentially vouch for the admissible evidence offered by the prosecution. This tactic, whether engaged in by a prosecutor or other government agent, has been repeatedly condemned.") The government has no right to have a summary of its arguments follow the jurors into the jury room.

Here, the government's case is based on a web of circumstantial evidence without any witness testimony that Mr. Sikkema agreed with Prevez that the

latter would kill Brent. GX 1002 is its solution, by stringing together that circumstantial evidence into a narrative mirroring what unquestionably will be its summation: a chronological summary of its evidence supposedly establishing the elements of the charges. Indeed, the very first item on the chart is a (misleading) excerpt of a statement by Mr. Sikkema, *see ante* at 5, expressing his desire that Brent die and the last is an audio message by Mr. Sikkema — to the same person — saying "He's better off dead, he's better off dead, I'm telling you." This type of argumentative narrative is precisely what Rule 1006's drafters undoubtedly contemplated should be excluded under Rule FRE 403, because it creates a substantial risk of unfair prejudice.

## Conclusion

For all the foregoing reasons, the Court should not admit GX 1002 under FRE 1006 as a "summar[y] to prove content" – which it assuredly is not.

Respectfully submitted,

Richard Levitt, Esq.
Zachary Segal, Esq.
Florian Miedel, Esq.

Encl.